■ In the Matter of B'NAI JACOB RELIGIOUS SCHOOL et al., Petitioners, v NEW YORK STATE RACING AND WAGERING BOARD et al., Respondents, and ST. HELEN'S ROMAN CATHOLIC CHURCH et al., Intervenors.—Order of the New York State Racing and Wagering Board, dated January 31, 1979, confirming a determination of the New York City Department of Consumer Affairs issuing an initial license as a commercial lessor to Lindenwood Recreation, Inc., unanimously reversed, without costs, on the law, and the petition granted to the extent of remanding the matter to the New York State Racing and Wagering Board for further proceedings not inconsistent herewith. Pursuant to article 14-H of the General Municipal Law, Lindenwood Recreation, Inc. (Lindenwood), made application for a license as an authorized commercial lessor of premises to be rented for the purpose of playing

bingo. Section 477 of the General Municipal Law "grants to every municipality the right, power and authority to authorize the conduct of bingo games by authorized organizations within the territorial limits of such municipality". Subdivision 2 of section B32-279.0 of the Administrative Code of the City of New York requires that every applicant for a license as a commercial lessor shall make request therefor to the Department of Licenses (now part of the Department of Consumer Affairs) and shall conform to the specifications set forth in article 14-H of the General Municipal Law. Notices of Lindenwood's application were sent to the organizations most likely to be affected thereby and a public hearing was set and conducted. Thereafter, the hearing officer submitted a report recommending approval of the license. The Department of Consumer Affairs approved the report and issued the license. Petitioners, who opposed issuance of the license at the hearing and who are among those who are affected by the ruling, appealed to the New York State Racing and Wagering Board (Board), as provided by section 493 of the General Municipal Law. The Board referred the matter to a hearing officer who, after a hearing, concluded that the statistics which furnished, in part, the basis for the holding of the Department of Consumer Affairs, was a misinterpretation of data issued by the National Gambling Commission. He further pointed out that no showing had been made that "public need and that public advantage" would be served by the issuance of the license, as required by section 489 (subd 1, par b) of the General Municipal Law. Accordingly, he recommended that the holding "that public need and advantage have been established by the applicant be overruled, with no prejudice to any future application" made by Lindenwood. The Board, by order dated January 31, 1978, overruled its hearing officer and confirmed the decision of the Department of Consumer Affairs, noting that there was evidence in the record supportive of the finding by consumer affairs of "public need" and "public advantage" even though "there might also be evidence sufficient to sustain its reaching a different conclusion". Section 401 of the State Administrative Procedure Act provides that in any licensing procedure, the provisions "concerning adjudicatory proceedings apply". Subdivision 1 of section 307, which governs adjudicatory proceedings, provides in pertinent part that a determination "shall be in writing or stated in the record and shall include findings of fact and conclusions of law or reasons for the decision, determination or order" and "shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings". Here, there are no findings of fact and conclusions of law; nor is there any concise and explicit statement of the underlying facts supporting the findings. Also there is only the statement that there is evidence which may be supportive of such conclusion as the concluder desires to make. This scarcely can be said to be compliance with the law. Concur—Murphy, P. J., Sullivan, Bloom, Lupiano and Ross, JJ.